| | |
|---|---|
| 1 | Christopher Sproul (State Bar No. 126398) |
| 2 | Brian Orion (State Bar No. 239460) |
| 3 | Stuart Wilcox (State Bar No. 327726) |
|   | ENVIRONMENTAL ADVOCATES |
| 4 | 5135 Anza Street |
|   | San Francisco, California 94121 |
| 5 | Telephone: (415) 533-3376 |
|   | (858) 354-8222 |
| 6 | (720) 331-0385 |
| 7 | Facsimile: (415) 358-5695 |
|   | Email: csproul@enviroadvocates.com |
| 8 | borion@enviroadvocates.com |
|   | wilcox@enviroadvocates.com |
| 9 | Attorneys for Plaintiffs |
| 10 | OUR CHILDREN'S EARTH FOUNDATION and |
|    | ECOLOGICAL RIGHTS FOUNDATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation, and ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation, | Civil Case No. 24-cv-286 |
| | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Plaintiffs, | |
| v. | |
| MICHAEL S. REGAN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, MARTHA GUZMAN, in her official capacity as REGIONAL ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | |
| Defendants. | |

0

Plaintiffs Our Children's Earth Foundation and Ecological Rights Foundation (collectively "OCE") allege as follows:

## INTRODUCTION

1. The Federal Water Pollution Control Act of 1972, 33 U.S.C. § 1251 *et seq.*, commonly known as the Clean Water Act ("CWA"), aims "to restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To this end, the CWA requires that every state must adopt, periodically update, and submit to the U.S. Environmental Protection Agency ("EPA") proposed water quality standards applicable to waters in that state. *See* 33 U.S.C. § 1313(a)-(c).

2. Water quality standards consist of designated uses, *i.e.*, the beneficial uses to which waters are put, and water quality criteria, *i.e.*, the maximum levels of pollutants that a water body can have and still sustain designated uses, and are issued by states and by EPA at the federal level. 33 U.S.C. § 1313(c).

3. In addition, CWA section 304(a)(6), 33 U.S.C. § 1314(a)(6), requires the following: "The Administrator shall, within three months after December 27, 1977, and annually thereafter, for purposes of section 1311(h) of this title publish and revise as appropriate information identifying each water quality standard in effect under this chapter or State law, the specific pollutants associated with such water quality standard, and the particular waters to which such water quality standard applies."

4. However, the Administrator has not identified, published, and annually updated the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply, instead only periodically publishing a partial list of applicable water quality standards.

5. OCE brings this Clean Water Act citizen suit to compel Defendant Michael S. Regan, the current Administrator, to perform his non-discretionary duty to identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply. The timely taking of these actions is necessary to ensure adequate protection of water quality and public health.

**JURISDICTION**

6. This is an action against the Administrator and EPA where there is alleged a failure of the Administrator to perform any act or duty under the Clean Water Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 33 U.S.C. § 1365(a)(2) (citizen suit provision of the Clean Water Act) and 28 U.S.C. § 1331 (federal question).

7. The requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 33 U.S.C. § 1365(a). The requested injunctive relief is authorized by 28 U.S.C. § 2202 and 33 U.S.C. § 1365(a).

8. This Court has personal jurisdiction over EPA and its officials, including Administrator Regan, because EPA is an agency of the federal government operating within the United States.

**NOTICE**

9. By letter dated November 10, 2023, OCE provided the Administrator and EPA with written notice of the claims concerning their failure to timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply. OCE provided this notice pursuant to 33 U.S.C. § 1365(b)(2) and 40 C.F.R. §§ 135.2, 135.3. Although more than 60 days have elapsed since OCE gave notice, Administrator Regan remains in violation of the law.

10. As Administrator Regan has failed to redress the Clean Water Act violations set forth in OCE's notice letter referenced in paragraph 9, there exists now between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

**VENUE**

11. Venue in the United States District Court for the Northern District of California is proper under 28 U.S.C. § 1391(e) for several reasons. First, at least one defendant resides in this judicial district. Indeed, two defendants reside in this judicial district because EPA maintains a major regional office in San Francisco, California for EPA Region IX, and therefore resides in this judicial district, and because Martha Guzman, Regional Administrator for EPA Region IX, is located in this San Francisco, California office and thus also resides in this judicial district. Second, a substantial part of the events or omissions giving rise to the claim at issue here occurred within this judicial district. This is because

Regional Administrator Guzman has duties to work with the Administrator to identify, publish, and annually update the list of state and federal water quality standards in effect in Region IX, as well as the pollutants associated with such standards and the particular waters to which such standards apply in Region IX, and, on information and belief, because EPA has failed to identify, publish, and annually update the list of state and federal water quality standards in effect in at least California and Hawaii, as well as the pollutants associated with such standards and the particular waters to which such standards apply in at least California and Hawaii, both of which are within EPA Region IX and are thus at least partially the responsibility of EPA Region IX. Because these failures to act occurred at least partially in this judicial district, "a substantial part of the events or omissions giving rise" to the claim here occurred in this judicial district. Third, both Plaintiffs reside in this judicial district, and there is no real property involved in this action. Our Children's Earth Foundation is headquartered, and thus resides, in Napa, California, which is within this judicial district, and Ecological Rights Foundation is headquartered, and thus resides, in Blocksburg, California, which is within this judicial district. Any of these three bases standing on their own would be sufficient for venue in this judicial district as the requirements are phrased in the disjunctive (they are connected by the word "or"). *See* 28 U.S.C. § 1391(e).

## INTRADISTRICT ASSIGNMENT

12.     Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rules 3-2(c) and (d) because, as discussed above, EPA's Region IX office is located in San Francisco, California, and this is thus the location where a substantial part of the events or omissions giving rise to the claim occurred because this is the location within this judicial district where the Administrator, Regional Administrator, and EPA failed to timely identify, publish, and annually update the list of state and federal water quality standards, as well as the pollutants associated with such standards and the particular waters to which such standards apply, including appropriate water quality standards for California and Hawaii. Further, OCE's principal counsel resides in San Francisco, California and EPA resides in San Francisco, California given that it maintains a major regional office in San Francisco, California.

## THE PARTIES

13. Plaintiff OUR CHILDREN'S EARTH FOUNDATION is a non-profit corporation based in Napa, California dedicated to protecting the environment. Our Children's Earth Foundation promotes public awareness of domestic and international environmental impacts through information dissemination, education, and private enforcement of environmental protection statutes. Our Children's Earth Foundation enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin violations of environmental and government transparency laws. Our Children's Earth Foundation has an active membership of people from all over the United States dedicated to protecting the public, especially children, from the health impacts of pollution and other environmental hazards and to improving water quality for the public benefit.

14. Plaintiff ECOLOGICAL RIGHTS FOUNDATION is a non-profit public benefit corporation based in Blocksburg, California. Ecological Rights Foundation's purpose is to educate the public about environmental practices that cause harm to human health, the environment, and other natural resources and to seek redress from those harms through litigation or alternative dispute resolution. Ecological Rights Foundation represents citizens in protecting public waterways from pollution and securing the multitude of benefits that flow from clean, vibrant waters: safe drinking water; abundant and diverse wildlife populations; healthy recreational opportunities; and economic prosperity from commercial fishing, tourism, and other commercial activities that depend on clean water. To further its goals, Ecological Rights Foundation actively seeks federal and state agency implementation of state and federal environmental and water quality laws, including water quality standards under the CWA, and, as necessary, directly initiates enforcement actions on behalf of itself and its members.

15. Our Children's Earth Foundation and Ecological Rights Foundation are non-profit corporations. Therefore, Our Children's Earth Foundation and Ecological Rights Foundation each qualify as a "person" within the meaning of 33 U.S.C. § 1362(5) and 33 U.S.C. § 1365(g). As such, OCE may commence a civil action under 33 U.S.C. § 1365(a).

16. Our Children's Earth Foundation and Ecological Rights Foundation bring this action on their own behalf and on behalf of their adversely affected members and staff. Our Children's Earth Foundation and Ecological Rights Foundation have a direct stake in the outcome of this action.  As a result of the Administrator's failure to timely identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply, Our Children's Earth Foundation and Ecological Rights Foundation are unable to ascertain the applicable federal clean water requirements, for purposes of education, advocacy, and enforcement, in the same fashion that Our Children's Earth Foundation and Ecological Rights Foundation can with published laws.  As a result of the Administrator's failure to timely identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply, Our Children's Earth Foundation's and Ecological Rights Foundation's goals of education, advocacy, and enforcement of clean water laws are more difficult to achieve.  For example, ascertaining the applicable federal clean water requirements for purposes of education, advocacy, and enforcement is more time consuming, resulting in draining the few resources that are available to Our Children's Earth Foundation and Ecological Rights Foundation for achieving their missions.  Comparisons between the different water quality standards, which at times is essential for advocacy, is also impossible without up-to-date, published information on those water quality standards.

17. Our Children's Earth Foundation and Ecological Rights Foundation's members and staff live, work, visit, recreate, and/or conduct educational, research, advocacy, and other activities in and around the various waters that are subject to the water quality standards at issue in this matter. Water pollution is exacerbated when regulated entities are unaware of Clean Water Act requirements and where citizen and organization enforcement of Clean Water Act requirements is hampered by compromised availability of information on current water quality standards. The health, wellbeing, and enjoyment of these members and staff have been and continue to be adversely affected by the Administrator's failure to timely identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply in

that, among other things, the water quality standards are more difficult to enforce because of their inaccessibility to the public and publicly minded enforcement groups and because the standards are more difficult for regulated entities to ascertain and comply with. As a result, the interests of Our Children's Earth Foundation, Ecological Rights Foundation, and their members and staff have been, are being, and will continue to be irreparably harmed by the Administrator's failure to comply with his duty to timely identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply.

18. The violations alleged in this Complaint also deprive Our Children's Earth Foundation, Ecological Rights Foundation, and their members and staff of certain information associated with the Administrator's required actions regarding the water quality standards. These procedural, informational, and other injuries are directly tied to the other harms Our Children's Earth Foundation, Ecological Rights Foundation, and their members and staff are experiencing.

19. The violations alleged in this Complaint have injured and continue to injure the interests of Our Children's Earth Foundation, Ecological Rights Foundation, and their members and staff. These injuries are traceable to the Administrator's failures to act. Granting the requested relief would redress these injuries by compelling the Administrator to act in compliance with what Congress has determined is an integral part of the Clean Water Act, discussed below.

20. Defendant MICHAEL S. REGAN is Administrator of the EPA. Mr. Regan is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Water Act. As described below, the Clean Water Act assigns the Administrator certain non-discretionary duties, including the duties related to the state and federal water quality standards that serve as the basis of this lawsuit, and the Administrator has failed to comply with these duties.

21. The Administrator failed to timely identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply. As of this filing, the Administrator's failure is ongoing.

22. Defendant MARTHA GUZMAN is Regional Administrator for EPA Region IX. Ms. Guzman is sued in her official capacity. The Regional Administrator has duties to work with the

6

Administrator to timely identify, publish, and annually update the list of state and federal water quality standards in effect in Region IX, including in California and Hawaii, as well as the pollutants associated with such standards and the particular waters to which such standards apply for states in Region IX, including California and Hawaii.

23. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an agency of the United States government charged with implementation and enforcement of the Clean Water Act.

## LEGAL BACKGROUND

24. Congress passed the CWA, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a); *Cnty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462, 1468 (2020). The CWA is not focused on the protection of navigation, but instead seeks to conserve waters "for the protection and propagation of fish and aquatic life and wildlife, recreational purposes, and the withdrawal of such waters for public water supply, agricultural, industrial, and other purposes." 33 U.S.C. § 1252(a).

25. The Supreme Court has long recognized the CWA as "an all-encompassing program of water pollution regulation" that "applies to all point sources[,] virtually all bodies of water," and "virtually all surface water in the country." *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 486, 492 (1987) (internal quotations omitted); *see also, e.g.*, S. Rep. No. 92–414, at 95 ("to establish a comprehensive long-range policy for the elimination of water pollution"). Congress intended the CWA to achieve these objectives by regulating pollution at its source. *Cnty. of Maui*, 140 S. Ct. at 1473 (citing *EPA v. Cal. ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 202-04 (1976)).

26. The "broad objective" of the CWA requires "[p]rotection of aquatic ecosystems, [which] demand[s] broad federal authority to control pollution, for '[w]ater moves in hydrologic cycles and it is essential that discharge of pollutants be controlled at the source.'" *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 132-33 (1985) (quoting S. Rep. 92-414). Congress took a "broad, systemic view of the goal of maintaining and improving water quality." *Id.* at 132.

27. In addition to its central objective of restoring and maintaining the "physical, chemical, and biological integrity of the Nation's waters," the CWA sets a national goal that "discharge of

pollutants into the navigable waters be eliminated," and an interim goal of improving water quality that "provides for the protection and propagation of fish, shellfish, and wildlife and provides for recreation in and on the water." 33 U.S.C. § 1251(a)(1), (2).

28. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant unless such discharge complies with the terms of a permit and with the CWA. CWA section 301(b)(1)(C), 33 U.S.C. § 1311(b)(1)(C), mandates that such permits achieve compliance with water quality standards established pursuant to the CWA no later than July 1, 1977 in "order to carry out the objective of" the Act. Water quality standards are required to be established under CWA Section 303, 33 U.S.C. § 1313, for both interstate and intrastate waters "to protect the public health or welfare, enhance the quality of water and serve the purposes" of the CWA. 33 U.S.C. § 1313(a); (c)(2)(A).

29. The CWA requires that every state must adopt, periodically update, and submit to EPA proposed water quality standards applicable to waters in that state. *See* 33 U.S.C. § 1313(a)-(c).

30. Each state is also required to "identify those waters within its boundaries" that are polluted and not meeting water quality standards despite implementation of effluent limitations and must establish a total maximum daily load for pollutants necessary to implement the applicable water quality standards. 33 U.S.C. § 1313(d).

31. Water quality standards consist of designated uses, *i.e.*, the beneficial uses to which waters are put, and water quality criteria, *i.e.*, the maximum levels of pollutants that a water body can have and still sustain designated uses, and are issued by states and by EPA at the federal level. 33 U.S.C. § 1313(c).

32. In addition, CWA section 304(a)(6), 33 U.S.C. § 1314(a)(6), requires that "[t]he Administrator *shall*, within three months after December 27, 1977, *and annually thereafter*, for purposes of section 1311(h) of this title publish and revise as appropriate information identifying each water quality standard in effect under this chapter or State law, the specific pollutants associated with such water quality standard, and the particular waters to which such water quality standard applies." (emphasis added)

33. This provision requires the Administrator to identify, publish, and annually update a list of state and federal water quality standards as well as the pollutants associated with such standards and the particular waters to which such standards apply.

34. This is a mandatory (non-discretionary) duty imposed on the Administrator by the CWA for purposes of CWA section 505(a)(2), 33 U.S.C. § 1365(a)(2).

35. The Administrator has not identified, published, and annually updated the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply, instead only periodically publishing a partial list of applicable water quality standards.

## FACTUAL BACKGROUND

36. This lawsuit concerns the Administrator's failure to timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply. These actions are now all overdue.

37. While the Administrator has periodically published a partial list of the state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply, he has not annually published and updated such list as required by CWA Section 304(a)(6), 33 U.S.C. § 1314(a)(6). The water quality standard list the Administrator last published is incomplete, substantially out of date, and inaccurate, which is worse than not having a published list at all in that the Administrator's list is potentially misinforming and misleading the public and the regulated community as to what are the in effect water quality standards in various states. This deprives members of the public from having access to an up-to-date and comprehensive compilation of applicable water quality standards around the country, which is an important public resource that the Administrator is required by law to publish.

38. As of the filing of this Complaint, the Administrator has not timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply.

**FIRST CLAIM FOR RELIEF**
**Failure to Perform a Non-Discretionary Duty to Timely Identify, Publish, and Annually Update the List of State and Federal Water Quality Standards in Effect Nationwide, as well as the Pollutants Associated With Such Standards and the Particular Waters to Which Such Standards Apply**

39. OCE repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

40. The Administrator has failed to timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply.

41. The Administrator therefore has violated CWA Section 304(a)(6), 33 U.S.C. § 1314(a)(6).

42. These violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator," within the meaning of the Clean Water Act's citizen suit provision. *See* 33 U.S.C. § 1365(a)(2). The Administrator's violations are ongoing and will continue unless remedied by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A. Enter findings and declare that the Administrator has violated and continues to violate the Clean Water Act by failing to take final action to timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply, detailed above;

B. Enjoin the Administrator to take final action to timely identify, publish, and annually update the list of state and federal water quality standards in effect nationwide, as well as the pollutants associated with such standards and the particular waters to which such standards apply, detailed above, by a date certain.

C. Retain jurisdiction over this matter until such time as the Administrator has complied with his non-discretionary duties under the Clean Water Act;

D.      Grant Plaintiffs' costs of litigation, including reasonable attorney fees, pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(d); and

E.      Issue any other relief, including injunctive relief, which this Court deems necessary, just, or proper or relief that Plaintiffs may subsequently request.

Dated: January 17, 2024                    Respectfully submitted,

By:        /s/ Christopher Sproul_____
           Christopher Sproul
           *Counsel for Our Children's Earth Foundation and Ecological Rights Foundation*

11