TODD KIM
Assistant Attorney General
ALEXANDER M. PURPURO (FL Bar No. 1025872)
Alexander.Purpuro@usdoj.gov
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20002
Telephone: (202) 514-9771

*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION and ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, MARTHA GUZMAN, in her official capacity as Regional Administrator of the U.S. Environmental Protection Agency, Region IX, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | Case No. 3:24-cv-286-RS<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY, OR ALTERNATIVELY TO STRIKE LATE-SUBMITTED ARGUMENTS** |

1    Defendants U.S. Environmental Protection Agency, Michael S. Regan, in his
2 official capacity as Administrator, U.S. Environmental Protection Agency, and Martha
3 Guzman, in her official capacity as Regional Administrator, U.S. Environmental
4 Protection Agency, Region IX (hereinafter, collectively, "EPA"), respectfully submit this
5 opposition to the Administrative Motion for Leave to file a Surreply filed by Plaintiffs
6 Our Children's Earth Foundation and Ecological Rights Foundation (hereinafter,
7 "Plaintiffs").  Plaintiffs' request to file a surreply should be denied because EPA's Reply
8 merely rebutted arguments contained in Plaintiffs' Opposition, and a surreply is not
9 warranted on those points.  *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12–6467 C,
10 2013 WL 6577143, at *1 n.1 (N.D. Cal. Dec. 13, 2013) (denying leave to file surreply
11 where reply brief responded to arguments made in opposition brief).

12    Plaintiffs complain about two narrow points in EPA's Reply.  *First*, Plaintiffs
13 contend that EPA raised the new argument "that without a 'date certain' deadline for
14 publication, there is still no clear mandatory duty."  Dkt. No. 32 at 2.  To begin, Plaintiffs
15 mischaracterize EPA's argument.  As EPA states in its Reply, the agency "does not argue
16 that section 304(a)(6) imposes no obligations or that EPA is free to disregard the annual
17 timeframe."  Dkt. No. 30 at 9 (hereinafter, "EPA Reply").  EPA presented this response
18 to Plaintiffs' Opposition where Plaintiffs imply that EPA must publish a single "list" of
19 standards and where they incorrectly contend that EPA was disclaiming any duty to act
20 under Clean Water Act section 304(a)(6).  *See* Dkt. No. 28 at 19 (hereinafter, "Pl. Opp.").
21 EPA explained in its Motion to Dismiss that publication of a single list is not required,
22 and that EPA may continually update its online publication as water quality standard
23 changes become effective.  *See* Dkt. No. 26 at 19 (hereinafter, "EPA Motion").  And
24 EPA's reply appropriately rebuts Plaintiffs' argument that EPA must publish a single
25 static list annually rather than update the information it publishes online. EPA Reply at 9-
26 10.  Accordingly, a surreply is not warranted on this point.

27    *Second*, Plaintiffs contend that EPA raised a "new" argument that "that the 60-day
28 or 90-day period afforded to EPA for review of submitted water quality standards renders

the annual publication duty as interpreted by Plaintiffs somehow inconsistent with the statute." Dkt. No. 32 at 3. But EPA's argument does not raise a "new" issue for this Court to consider, as Plaintiffs allege. EPA's Reply merely supports the argument raised in EPA's Motion to Dismiss; i.e., that EPA does not have a duty to publish state water quality standards that are not in effect under the Clean Water Act. *See* EPA Reply at 8-9; EPA Motion at 16-18. Further, EPA's Reply appropriately rebuts arguments raised in Plaintiffs' Opposition, wherein Plaintiffs assert for the first time that they are arguing that EPA has a duty to publish pending state water quality standards, but not other state standards that are disapproved by EPA or are not submitted to EPA. *See* Pl. Opp. at 8-18. Therefore, EPA's Reply properly rebuts new points raised in Plaintiffs' Opposition brief.

The Local Rules do not contemplate a surreply, Civ. Local Rule 7-3(d), and Plaintiffs fail to demonstrate that one is warranted here. *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying request to file surreply where movant "failed to specifically identify any new evidence or legal argument proffered . . . for the first time in [the] reply brief."). The Court should not entertain substantial additional briefing regarding EPA's arguments that fairly rebut Plaintiffs' Opposition. *See Garrison v. NE Ga. Med Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) ("To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs.").

In addition, Plaintiffs' request that this Court strike substantive arguments in EPA's Reply via a motion for administrative relief is improper. Civ. Local Rule 7-11 explains that a party may submit a motion for administrative relief "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." *See* Civ. Local Rule 7-11 (noting that such matters include "motions to exceed otherwise applicable page limitations or motions to file documents under seal"). Plaintiffs' request that this Court strike substantive arguments is plainly not a "miscellaneous administrative matter" that should be asserted through an administrative motion.

1  For these reasons, the Court should deny Plaintiffs' Motion for Administrative
2  Relief. But if the Court is inclined to grant Plaintiffs leave to file a surreply, the Court
3  should provide EPA with the opportunity to file a response of comparable length. In
4  addition to mischaracterizing EPA's position, Plaintiffs intend to introduce a new factual
5  argument, along with new evidence, in response to EPA's argument based on the
6  statutory text of the Clean Water Act. Dkt. No. 32-4 at 1, 3-4. EPA should have the
7  opportunity to address those arguments and evidence if they are allowed.
8  Respectfully submitted,
9  Date: June 3, 2024

   /s Alexander M. Purpuro
ALEXANDER M. PURPURO
FL Bar No. 1025872
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20002
Alexander.Purpuro@usdoj.gov
Telephone (202) 514-9771
Facsimile (202) 514-8865

*Attorney for Defendants*