United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OUR CHILDREN'S EARTH
FOUNDATION, et al.,

Plaintiffs,

v.

MICHAEL S. REGAN, et al.,

Defendants.

Case No. 24-cv-00286-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Our Children's Earth Foundation ("OCE") and Ecological Rights Foundation ("ERF") (together, "Plaintiffs") are two non-profit corporations dedicated to protecting and raising awareness about the environment. They bring the instant suit for injunctive and declaratory relief against Michael S. Regan, Administrator for Environmental Protection Agency ("EPA"); Martha Guzman, Regional Administrator for EPA Region IX (which includes California and Hawaii); and EPA (collectively, "Defendants"). This action is brought under the citizen suit provision of the Federal Water Pollution Control Act of 1972, 33 U.S.C. § 1251 *et seq.*, also known as the Clean Water Act ("CWA"). In the First Amended Complaint ("FAC"), Plaintiffs aver that the Administrator has violated his mandatory duty under the CWA by failing to identify, publish, and annually update a list of State and federal water quality standards in effect nationwide, as well as the pollutants associated with those standards. *See* 33 U.S.C. § 1314(a)(6). Defendants filed a

1  motion to dismiss the FAC for lack of subject matter jurisdiction and for failure to state a claim.[1]

2                                    **II. BACKGROUND**

3          The CWA was enacted "to restore and maintain the chemical, physical, and biological

4  integrity of the Nation's waters" with the specific objective of eradicating "the discharge of

5  pollutants into navigable waters." 33 U.S.C. § 1251(a). The CWA requires a State to adopt and

6  submit to the Administrator water quality standards for waters within its border "to protect public

7  health or welfare, enhance the quality of water and serve the purposes of the [CWA]." 40 C.F.R. §

8  131.1. Water quality standards designate the uses of the water "by setting criteria that protect the

9  designated uses" including the level of pollutants a body of water may have while still sustaining

10  its designated uses. 33 U.S.C. § 1313(c); 40 C.F.R. § 131.1. Additionally, the CWA requires that:

> The Administrator shall, within three months after December 27,
> 1977, and annually thereafter, for purposes of section 1311(h) of this
> title publish and revise as appropriate information identifying each
> water quality standard in effect under this chapter or State law, the
> specific pollutants associated with such water quality standard, and
> the particular waters to which such water quality standard applies.

15          33 U.S.C. § 1314(a)(6). Plaintiffs aver that Defendants have not performed their non-

16  discretionary duties to identify, publish, annually review, and update as appropriate a "list of state

17  and federal water quality standards in effect nationwide, as well as the pollutants associated with

18  such standards and the particular waters to which such standards apply." FAC ¶ 35. In particular,

19  Plaintiffs argue that the Administrator has periodically published a partial list of State and federal

20  water quality standards in the Federal Register, which fails to satisfy its duty under Section

21  304(a)(6). In support of their claims, Plaintiffs point to three links produced in response to a

22  Freedom of Information Act ("FOIA") request filed by OCE seeking "a list of all lists or other

23  reports that have been published by EPA (including any EPA Region) pursuant to the

24  requirements of 33 U.S.C. Section 1314(a)." FAC ¶ 36. Of the three links, Plaintiffs allege that the

---

[1] In their Opposition to Defendants' motion to dismiss, Plaintiffs sought *sua sponte* summary
judgment on their claims. However, due to the reasons explained herein, summary judgment for
Plaintiffs is unwarranted.

1    first document, "Old 131.21(d)," is a Federal Register notice from November 8, 1983, which

2    shows EPA's regulations governing the development, review, and revision, and approval of water

3    quality standards, codified now in 40 C.F.R. §§ 131.1-131.47. 48 Fed. Reg. 51400. The second

4    and third productions, "10/3/95" and "10/7/98," link to Federal Register notices from October 3,

5    1995 and October 7, 1998, respectively. 60 Fed. Red. 51793; 63 Fed. Red. 53911.

6         Defendants claim that EPA maintains a public webpage where it has compiled State,

7    territorial, and authorized tribal water quality standards that EPA has either approved or are in

8    effect under the CWA, whether under State law or federally promulgated. It purports to update

9    continuously that webpage as new or revised water quality standards are adopted. A user may

10   access a specific State or territories information via the webpage. This webpage, according to

11   Defendants, comports with the requirements of Section 304(a)(6).

12        Plaintiffs mailed Defendants a notice of intent to sue on November 10, 2023 on the basis

13   that EPA was in violation of Section 304(a)(6) because the "water quality list…published is

14   incomplete, substantially out of date and inaccurate." Defendant's Motion to Dismiss

15   ("Defendants' Mot."), Exh. A (hereinafter, "Plaintiffs' Notice" or "notice letter") at 3. EPA

16   purportedly attempted to confer with Plaintiffs regarding its alleged failure to publish a complete

17   and up-to-date water quality standards list, but Plaintiffs commenced the instant litigation before

18   the parties could meet. Once the initial complaint had been filed, the parties' counsel participated

19   in a phone call, during which Plaintiffs' counsel advised that the water quality standard webpage

20   for California was inaccurate. EPA subsequently corrected the California Water Quality Standards

21   webpage. Following that conversation, Plaintiffs filed their Amended Complaint.

22        Defendants now move to dismiss the FAC, arguing that the Court lacks subject matter

23   jurisdiction over Plaintiffs' claims because of Plaintiffs' alleged "failure to provide adequate

24   notice" to EPA as required by the CWA, or, alternatively, that Plaintiffs have not adequately plead

25   that EPA did not perform a nondiscretionary duty. Defendants also insist that dismissal is

26   warranted because Plaintiffs have failed to state a claim on which relief may be granted.

27

28

1

### III. LEGAL STANDARD

2

#### A.  Rule 8(a)

3          A complaint must be "a short and plain statement of the claim showing that the pleader is

4    entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a

5    complaint must have sufficient factual allegations to state a claim that is "plausible on its face."

6    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

7    570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the

8    court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

9    (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a

10   defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the

11   court "to draw on its judicial experience and common sense." *Id.* at 679.

12

#### B.  Rule 12(b)(1)

13         A party moving under Rule 12(b)(1) seeks to dismiss the complaint for lack of subject

14   matter jurisdiction. A 12(b)(1) jurisdictional challenge may be "facial" or "factual." *Safe Air for*

15   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In a "facial attack," the

16   movant "asserts that the allegations contained in a complaint are insufficient on their face to

17   invoke federal jurisdiction." *Id.* The Court "[a]ccept[s] the plaintiff's allegations as true and

18   draw[s] all reasonable inferences in the plaintiffs' favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121

19   (9th Cir. 2014).

20

### IV. DISCUSSION

21         A suit against EPA is barred by sovereign immunity, "unless there has been a specific

22   waiver of that immunity." *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). Congress

23   enacted a limited waiver of immunity in the CWA with respect to citizen suits "where there is

24   alleged a failure of the Administrator to perform any act or duty under [the CWA] which is not

25   discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). The CWA prohibits the

26   commencement of a citizen suit under Section 505(a)(2) "prior to sixty days after the plaintiff has

27   given notice of such action to the Administrator." 33 U.S.C. § 1365(b)(2). Non-compliance with

28

United States District Court<br>Northern District of California

the 60-day notice requirement bars commencement of the action, warranting dismissal. *See Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 799-800 (9th Cir. 2009). The notice requirement "allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits" and "gives the alleged violator an opportunity to bring itself into compliance" with the CWA, rendering a citizen suit unnecessary. *Id.* (quoting *Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 29 (1989). The Ninth Circuit has held that notice is proper if, at minimum, it provides the alleged violator(s) with sufficient information to "identity and attempt to abate the violation." *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998)). While a plaintiff in a citizen-suit need not "list every specific aspect or detail of every alleged violation," the notice must be "sufficiently specific to inform the alleged violator…what corrective actions will avert a lawsuit." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 951, 952 (9th Cir. 2002) (citations omitted).

The parties dispute the extent to which Plaintiffs' notice, incorporated by reference in the FAC, sufficiently described "with reasonable specificity" whether EPA had complied with Section 304(a)(6). 40 C.F.R. § 135.3(b). Plaintiffs argue that the notice letter included several factual assertions, including:

> (1) EPA has "not identified, published, and annually updated the list of state and federal water quality standards in effect nationwide"; (2) EPA has "not identified, published, and annually updated the list of . . . pollutants associated with such standards and the particular waters to which such standards apply"; (3) that EPA has "periodically published a partial such list"; (4) EPA has failed to "annually publish[] an updated such list"; and (5) "The water quality standard list You have last published is incomplete, substantially out of date and inaccurate".

Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Opp.") at 2-3 (quoting Plaintiffs' Notice). The notice letter also recounted several ramifications arising from Defendants' violations, including that the alleged violations risked misinforming and misleading the public as to the effective water quality standards in various States and deprived the public from having

1    updated information regarding the applicable water quality standards around the country. The

2    notice letter further identified EPA's duty as derived from Section 304(a)(6). Defendants, by

3    contrast, suggest that the notice letter failed both (1) to identify even one inaccurate or outdated

4    water quality standard, and (2) to specify which "list" was the subject of Plaintiffs' notice.

5    Defendants further challenge the notice letter by comparing its contents to the claims in the FAC,

6    which *does* specify that the "lists" Plaintiffs refer to in their notice letter are, in fact, the Federal

7    Register publications, and claims that EPA's website fails to meet the requirements of Section

8    304(a)(6). *Compare* FAC ¶¶ 36-44 *with* Plaintiffs' Notice.

9           To provide Defendants with sufficient notice, Plaintiffs were not required to invoke each

10   State's water quality standards submissions and identify whether EPA's published list, which

11   Plaintiffs assumed were the Federal Register notices received in response to OCE's FOIA request,

12   accurately reflected that information. Plaintiffs correctly contend that this may not have been

13   possible given the asymmetries in access to information between the parties about each State's

14   water quality standards. Defendants, for their part, claim that they are not arguing for this level of

15   specificity, but do not explain how the notice letter was insufficient in informing Defendants, with

16   reasonable specificity, of their violations under Section 304(a)(6). Plaintiffs' Notice recounted the

17   statutory provision under which Defendants' purported mandatory duties arise, as well as why the

18   published "lists," as Plaintiffs understood them, failed to comply. Plaintiffs also specified,

19   approximately, the contours of Defendants' purported violations such that Defendants could have

20   known what steps they may take to come into compliance. For instance, Plaintiffs' notice letter

21   stated that Defendants were in violation for failing "to identify, publish, and annually update a list

22   of State and federal water quality standards as well as the pollutants associated with such

23   standards," *inter alia*. Plaintiffs' Notice at 3. Defendants offer no support for the position that the

24   notice letter needed to identify which water quality standard was inaccurate or outdated,

25   particularly given that it was Defendants, not Plaintiffs, who were privy to this information.

26          However, Plaintiffs' Notice ultimately failed to inform Defendants about their purported

27   violations under the CWA because the notice did not specify which "list" Plaintiffs identified as

United States District Court
Northern District of California

28

flawed. The purpose of notice under the CWA is to permit EPA to take corrective measures such that litigation may be averted, but Plaintiffs' Notice lacks particularity as to which "list" was flawed to achieve this result. Plaintiffs argue that because Section 304(a)(6) imposes a "nondiscretionary duty" on Defendants to publish a list identifying water quality standards in effect, Plaintiffs were under no obligation to direct Defendants to a specific list that EPA has been under a duty to publish since the CWA was enacted. Accordingly, Plaintiffs argue, "what matters is what EPA understood" as being the Section 304(a)(6) list. Plaintiffs' Opp. at 6. Plaintiffs also concede that they did not realize EPA would take the position that the website was the list in question when notice was provided, and that, regardless, because the notice letter identified the list as arising from EPA's Section 304(a)(6) duty, notice was sufficient. However, Plaintiffs cannot argue that the "list" is flawed by pointing to specific omissions and errors while simultaneously failing to specify to which list it is referring. Otherwise, Defendants would be deprived of the opportunity to assume corrective measures and come into compliance with Section 304(a)(6) (to the extent they were not) by not knowing the list at issue. For instance, the notice letter stated that "[t]he water quality standard list [Defendants] have last published is incomplete, substantially out of date and inaccurate." Plaintiffs' Notice at 3. The clear ambiguity in what Plaintiffs meant versus what Defendants understood by the "last published" list means there was a fundamental misunderstanding such that Defendants would not be able to abate the alleged violation. If the primary purpose of the notice requirement is to provide an alleged violator the opportunity to come into compliance with a violation, Plaintiffs' Notice failed to direct Defendants to the site of the alleged violation.

    Plaintiffs argue that because Defendants made corrections to the California Water Quality Standards Webpage once litigation commenced, they knew which list Plaintiffs were referencing. However, Defendants guessed that Plaintiffs had concerns about the California webpage based on the venue allegations in the original complaint and confirmed those suspicions via a telephone call with Plaintiffs' counsel after litigation had already commenced. Therefore, the fact that Defendants made corrections to the California webpage after that telephone call is unrelated to the

United States District Court
Northern District of California

question of whether Plaintiffs' Notice was sufficient, because that information became clear to Defendants only once this litigation commenced. Moreover, this type of rectification by Defendants is exactly the desired result of the notice requirement under Section 505(b)(2), and therefore could—indeed, should—have occurred before this action began had the Defendants known, with "reasonable specificity," where to direct its corrections. Accordingly, Plaintiffs' insufficient notice deprives the Court of subject matter jurisdiction such that the case should be dismissed without prejudice.

Defendants also move to dismiss the FAC on the alternative ground that notwithstanding the sufficiency of Plaintiffs' notice, Plaintiffs have not identified any nondiscretionary duties that EPA has failed to perform, depriving the Court of subject matter jurisdiction. However, the issue of whether EPA has failed to perform a nondiscretionary duty need not be reached, as the FAC is dismissed on the basis that notice was inadequate. Similarly, the question of whether Plaintiffs failed to state a claim on which relief may be granted need not be addressed in light of the jurisdictional defect explained above.

## V. CONCLUSION

For the reasons set forth herein, the FAC is dismissed for lack of subject matter jurisdiction without prejudice.

**IT IS SO ORDERED**.

Dated: June 11, 2024

RICHARD SEEBORG
Chief United States District Judge